United States District Court
Northern District of Texas

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)       v.                    CIVIL ACTION NO.
)
) Seven90, LLC, Joshua Askeroth, Slim Genie, LLC, Shawn Milner, Herbal Groups, Inc., Patt Galvin, Scott Mustin, Professional Education Institute, Inc., Nexus Marketing, LLC, Isaac Askeroth, United Marketing Group, LLC and EES Global, LLC, and John/Jane Does 1-5
)   Defendants.

**Plaintiff's Original Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 3000 Custer Road, ste 270-206, Plano, Tx 75075

2. Seven90, LLC is a Utah corporation and is operating from 11075 S. State Street ste 16, Sandy Utah, 84070 and can be served via registered agent: Northwest Registered Agent, 881 Baxter Drive, ste 100, South Jordan UT 84095.

3. Joshua Askeroth is a member/corporate officer of Seven90, LLC and can be served at 1659 E. Short Ct., Draper, UT 84020 or 11075 S. State St., ste 16, Sandy UT 84070 or PO Box 1451 Draper, UT 84020.

4. Slim Genie, LLC is a Utah Corporation with a registered agent of Registered Agents, Inc., 881 Baxter Dr., ste 100, South Jordan, Utah 84095 or via corporate officr Shawn Milner, 2558 S. 900 E. Salt Lake Utah, 84106.

1

5. Shawn Milner is a natural person and can be served at 2558 S. 900 E. Salt Lake Utah, 84106.

6. Herbal Groups, Inc., is a California corporation and can be served via corporate officer, Pat Galvin 23264 Cuestport Dr., Valencia, CA 91354.

7. Patrick Galvin is a natural person and corporate officer of Herbal Groups, Inc., and can be served at 23264 Cuestport Dr., Valenica, CA 91354 or

8. Scott Mustin is a natural person and corporate officer of Herbal Groups, Inc., and can be served at 9413 Vanalden Ave., Northridge, CA 91324.

9. Profesional Education Institute, Inc., is an Illinois corporation that can be served via registered agent William Doran, 333 W. Wacker Dr., ste 1900, Chicago, IL 60606 or Corporate officer, Michael Hussey 7020 High Grove Burr Ridge, IL 60527

10. Nexus Marketing, LLC is a Utah Corporation that can be served via Registered agent: Northwest Registered Agent, 881 Baxter Drive., ste 100, South Jordan, Utah, 84095 or via corporate officer Isaac Askeroth at 1925 E. Katie Ct.,Cedar City, UT 84721

11. Isaac Askeroth is a natural person who can be served at 1925 E. Katie Ct.,Cedar City, UT 84721

12. United Marketing Group, LLC is an Illinois Corporation that can be served via registered agent Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703 or corporate officer EES Global, LLC at 1815 S. Meyers Rd., Ste 300, Oakbrook Terrace, IL 60181

13. EES Global, LLC is an Illinois coporation and can be served at Illinois Corporation service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703 or at 1815 S. Meyers Rd., Ste 300, Oakbrook Terrace, IL 60181

14. John/Jane Does 1-5 are currently unknown persons or entities that are also liable for the calls in question.

### Jurisdiction

15. Jurisdiction of this court arises as the acts happened in this county

16. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

17. In 2017, the Plaintiff recieved multiple unwanted phone calls from call center agents working in the Philippines offering a variety of "male enhancement" pills, which is an euphamism for pills that are supposed to increase sexual stamina, penis length, penis girth, and other unsubstantiated claims of increasing male sexual prowess.

18. These programs were pitched as a free trial sample of the product as long as the Plaintiff covered the shipping and handling cost the initial order, but there would be a significantly larger charge if the Plaintiff didn't cancel within a short period of time, which is a "negative option marketing" where a consumer must opt out of future charges or they will be charged for a

program. For example, there may be a small initial charge of $4.95 with a larger followup charge of $79.99.

19. Each and every call was placed by an automated telephone dialing system and the agents failed to state the name of the entity on whose behalf the calls were being placed. Each call as placed to the Plaintiff's cell phone without consent from the Plaintiff or any sort of emergency purpose. The agents were not trained on the use of an internal do-not-call list and the entities that placed the calls failed to maintain an internal do-not-call list.

20. Each and every call was placed by or for the benefit of Seven90, LLC, Joshua Askeroth, Slim Genie, LLC, Shawn Milner, Herbal Groups, Inc., Patt Galvin, Scott Mustin, Professional Education Institute, Inc., Nexus Marketing, LLC, Isaac Askeroth, United Marketing Group, LLC and EES Global, LLC.

21. Multiple products were pitched on each call, for example one call pitched male enhancement products and several Porn DVD's.

22. The Plaintiff is still in the process of researching and obtaining call records and the total number of calls in question, but has identified at least 5-25 calls in play.

**Herbal Groups, Inc.**

23. In a call initiated by an automated telephone dialing system, the Plaintiff was offered multiple products for male enhancement and including 3 porn DVD's. The invoice stated the products were sold from Herbal Groups, Inc., and the bottle "Herbal Virility Max" states that it is distributed by

"Herbal Virility Max, 15805 Stagg Street, Van Nuys, CA 91406. Apparently to ensure the Herbal Virility max pills were afforded the maximum opportunity for success, there were 3 Porn DVD's included in the package, which were "Big Dicks Matter volume 2" and "My mother is a pornstar volume 2" and "My Russian Exchange student 4". Both of these products came in the same package and were sold by Herbal Groups, Inc.

24. Patt Galvin and Scott Mustin individually participated in the selection of a robocaller and personally authorized the use of robocalls to sell their male enhancement products and porn videos and thus are individually liable.

### Professional Education Institute, Inc

25. The Plaintiff has been solicited multiple times for products offered by Professional Education Institute, and this is the 3rd time the Plaintiff has sued them for illegal telemarketing calls. Apparently 2 lawsuits in Federal court were not sufficient to dissuade defendant PEI from engaging in illegal robocalls. The Plaintiff was solicited to by Wellness Experts, some health training course offered by Defendant PEI.

### Slim Genie, LLC

26. Slim Genie, LLC offered two products called Amazing slim life and Natural Tst Boost. The Plaintiff observed charges on his credit card related to both of these products and the Plaintiff identified slim Genie, LLC and Shawn Milner as the individuals and corporation liable for the calls. Shawn Milner personally authorized robocalls to be used to market the products and

services offered by Slim Genie and as such is personally liable for each and every call.

### Seven 90, LLC and Nexus Marketing, LLC

27. The Plaintiff was offered another product called quality Garcinia and observed charges to his credit card related to this company. The Plaintiff has identified Seven 90, LLC and Nexus Marketing and Josh and Isaac Askeroth as the liable parties for these products. These individuals are known to the Plaintiff as the Plaintiff has previously sued them for illeal telemarketing of supplements and male enhancement products. Josh and Isaac Askeroth were personally involved and most certainly had notice to not call the Plaintiff's cell phone through a previous settled lawsuit and despite this, additional calls were directed to the Plaintiff with the full knowledge and direction of Josh and Isaac Askeroth.

### United Marketing Group, LLC and EES Global, LLC,

28. United Marketing Group, LLC and managing entity EES Global, LLC are two Illinois corporations that have directed several calls to the Plaintiff's cell phone 615-331-7262 in an illegal robocalling campaign offering travel services and various discount programs. The Plaintiff is unsure of the total calls from United Marketing Group at this point absent discovery, but each and every call was initiated using an automated telephone dialing system and several contained pre-recorded messages about a free gift card the Plaintiff could obtain if he participated in this trial program. At no point was any gift card received.

## Theories of Liability

29. As these parties stand to profit and benefit from the Plaintiff's enrollment in these programs, they are vicariously liable for the calls as a seller, as defined by the TCPA, even if they didn't directly place the calls to the Plaintiff.

30. The individual corporate officers and managers of each of the corporate entities are liable for the calls placed on behalf or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

31. The individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes them personally liable for the telephone calls made on their behalf and for their benefit.

32. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of

$3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5). Additionally, each product offered by each company represents a new cause of action entitling the Plaintiff to $3,000 per call per defendant.

33. The Plaintiff alleges direct, vicarious, joint, and several liability for the listed corporations and the officers of the corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

34. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

### Actual Damages

35. The Plaintiff has suffered actual damages in the form of the trial enrollment fees charged.

36. Additionally, the Plaintiff has suffered annoyance, frustruation, anger, loss of cell phone use, reduced battery life of his cell phone due to the calls.

### CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

8

37. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

39. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

40. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C. Actual damages as determined at trial

    D. Pre-judgment interest from the date of the phone calls

    E. Attorney's fees for bringing this action; and

    F. Costs of bringing this action; and

    G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted 12/21/2017

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211